# Richmond

JAMES MULLINS V. COMMONWEALTH OF VIRGINIA.

November 20, 1939.

Record No. 2180.

Present, All the Justices.

*S. H. & Geo. C. Sutherland,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

James Mullins, twenty-two years of age, has been convicted of an attempted rape upon Margaret Stanley, a seven-year-old girl, and sentenced to three years in the penitentiary in accordance with the verdict of a jury.

The only assignment of error which we need consider is that the trial court erred in not setting aside the verdict on the alleged ground that the evidence on behalf of the Commonwealth was insufficient to prove that the accused was guilty of an attempted rape.

The Commonwealth's evidence shows that the accused met Margaret Stanley and her nine-year-old brother on a public road about noon. Under the promise of giving her some candy he induced the little girl to accompany him into the woods some several hundred feet from the highway.

After the accused and the child had gotten into the woods he seated her upon a rock and suggested that they have sexual intercourse, at the same snatching a button from her snow suit. The child said, "Leave me alone," whereupon the accused pursued his advances no further. After telling her that he would shortly return with the candy he left the scene. The child immediately joined her brother and they both proceeded to school.

That evening, upon their return home, the children reported the occurrence to their parents. Some weeks later, while the accused was in custody under a similar charge, he was identified by the Stanley children. The jury disregarded his defense of an alibi and found him guilty of the offense charged.

In *Thacker* v. *Commonwealth,* 134 Va. 767, 769, 114 S. E. 504, 505, we said: "An attempt to commit a crime is composed of two elements: (1) the intent to commit it; and (2) a direct, ineffectual act done towards its commission. The act must reach far enough towards the accomp-

lishment of the desired result to amount to the commencement of the consummation." See also, *Merritt* v. *Commonwealth,* 164 Va. 653, 657, 180 S. E. 395.

■ These principles were applied in cases of attempted rape, in *Glover* v. *Commonwealth,* 86 Va. 382, 385, 10 S. E. 420; *Cunningham* v. *Commonwealth,* 88 Va. 37, 39, 13 S. E. 309; *Lufty* v. *Commonwealth,* 126 Va. 707, 714, 100 S. E. 829. See also, *State* v. *Gill,* 101 W. Va. 242, 132 S. E. 490, 491.

■ The evidence was, we think, insufficient to convict the accused of an attempted rape. While it showed the desire on the part of the assailant to commit the crime, there was no overt act which demonstrated a present intention to accomplish it. Certainly there was no overt act which reached "far enough towards the accomplishment of the desired result to amount to the commencement of the consummation."

Notwithstanding the fact that this little girl was entirely within his power, no extraneous circumstances frustrated the consummation of the crime. His improper advances were terminated upon her mere request.

However reprehensible the conduct of the accused may have been, it did not, in our opinion, make him guilty of attempted rape, See *State* v. *Gill, supra; Woodson* v. *Commonwealth,* 107 Va. 895, 897, 59 S. E. 1097. At most he was guilty of assault and battery. *Doyle* v. *Commonwealth,* 100 Va. 808, 40 S. E. 925; *Lynch* v. *Commonwealth,* 131 Va. 762, 109 S. E. 427; *Wood* v. *Commonwealth,* 149 Va. 401, 140 S. E. 114.

The lower court erred in not setting aside the verdict. Consequently the judgment must be reversed and the case remanded for a new trial.

*Reversed and remanded.*