COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Willis and Senior Judge Hodges
Argued at Alexandria, Virginia

JEROME DARNELL HOLMES

v.      Record No. 1151-94-4              MEMORANDUM OPINION*
                                              PER CURIAM
COMMONWEALTH OF VIRGINIA                  OCTOBER 24, 1995

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert W. Wooldridge, Judge

Thomas P. Sotelo (Leiner, Hicks & Sotelo,
P.C., on briefs), for appellant.

Katherine P. Baldwin, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Jerome Darnell Holmes (appellant) was convicted of rape and sodomy.  On appeal, appellant attacks the rape conviction and contends that the trial court erred in refusing to instruct the jury on the lesser included offense of attempted rape.  We disagree, and affirm the conviction.

The victim testified that appellant pushed the victim into the mud.  The victim fought appellant as he removed her clothing and tried to rape her.  However, appellant was unable to maintain an erection.  The victim then stated that appellant "was able to penetrate. . . . Into [her] vagina."  She testified appellant "was holding the base of his penis, in order to penetrate [her]."  She further testified, "I could feel his hand -- I could feel his fist hitting me.  Because his penis was in his hand.  He was holding it."  On cross-examination, the victim said she did not see appellant's penis penetrate her vagina.

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Later, at the hospital, the victim was examined by a sexual assault nurse examiner. The nurse testified that the victim's vagina contained "grass and dirt and pieces of rock and other pieces of debris . . . ." The nurse further testified, "It is my belief that there was penetration." On cross-examination, the nurse testified that, based on the physical evidence, the penetration could have been accomplished by digital penetration. The nurse also stated that the victim "was sure of penile penetration."

The forensic serologist testified that sperm was found on "the side external genitalia, vaginal, cervical, perianal buttocks and anal rectal smears . . ." taken from the victim.

Appellant presented no evidence and offered Jury Instruction A, which addressed rape, attempted rape and sexual battery. The trial court refused to grant the instruction. Appellant argues on appeal that the trial court erred in refusing to instruct the jury on the lesser included offense of attempted rape.[1]

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted). "If there is any evidence that would support a conviction for the lesser included

---

[1] The Commonwealth asserts that appellant never argued to the trial court that the trial court should have given a rape/attempted rape instruction, and that his argument on appeal is barred by Rule 5A:18. However, the record indicates that the trial court separately considered the attempted rape and sexual battery arguments. Thus, the purpose of Rule 5A:18 was fulfilled.

2

offense, the trial court must, upon request of counsel, instruct the jury as to the lesser included offense. An instruction, however, must be based on more than a scintilla of evidence." Miller v. Commonwealth, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987) (citations omitted). "Attempted rape includes the intent to engage in sexual intercourse, and some direct, yet ineffectual, act toward its consummation." Fortune v. Commonwealth, 14 Va. App. 225, 228, 416 S.E.2d 25, 27 (1992).

The evidence supported a jury instruction on rape only. The victim testified that appellant's penis penetrated her vagina. The victim testified that she did not actually observe appellant's penis penetrate her vagina. The nurse testified that, based on the physical evidence, the penetration could have been accomplished by digital penetration. Further, the forensic serologist testified that sperm was found on the vaginal and cervical smears taken from the victim. None of this evidence reasonably suggested penetration of the victim's vagina by an object other than appellant's penis. See Tuggle v. Commonwealth, 228 Va. 493, 511-12, 323 S.E.2d 539, 550 (1984), vacated on other grounds, 471 U.S. 1096, aff'd, 230 Va. 99, 334 S.E.2d 838 (1985).

The Commonwealth's evidence did not support the theory of an ineffectual effort to penetrate. Appellant presented no evidence. Accordingly, the trial judge did not err in refusing to give the instruction on attempted rape.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.