COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


KANANDEZ EPPERSON
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1750-97-2        JUDGE SAM W. COLEMAN III
                                           SEPTEMBER 15, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Timothy J. Hauler, Judge

           (Sharon A. Fitzgerald; Eck, Collins &
           Marstiller, on brief), for appellant.
           Appellant submitting on brief.

           Donald E. Jeffrey, III, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     Kanandez Epperson appeals his bench trial conviction for

failing to return leased property in violation of Code

§ 18.2-118.  He contends the evidence is insufficient to support

the conviction.  At trial, Epperson failed to make a motion to

strike the evidence at the close of the Commonwealth's evidence

or at the conclusion of all the evidence.  Epperson did not

present a closing argument.  When the trial judge asked for

Epperson's comments at the close of the evidence, defense counsel

replied:  "Judge, I'm going to submit it on the evidence."

Epperson did not make a motion to set aside the verdict.

     Under Rule 5A:18, in order to preserve the question of the

sufficiency of the evidence, the defendant must, at a minimum,

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

make a timely motion to strike the evidence at the conclusion of the defendant's evidence, or in a bench trial present an appropriate argument in summation, or make a motion to set aside the verdict.  See Parnell v. Commonwealth, 15 Va. App. 342, 349, 423 S.E.2d 834, 838-39 (1992); Fortune v. Commonwealth, 14 Va. App. 225, 228, 416 S.E.2d 25, 27 (1992); Campbell v. Commonwealth, 12 Va. App. 476, 479-81, 405 S.E.2d 1, 1-3 (1991) (en banc).  Epperson did not make an objection to the sufficiency of the evidence at any stage of the proceedings.  He makes no claim that good cause existed under Rule 5A:18 for his failure to do so.  Contrary to Epperson's contention, Rule 5A:18 makes no exception for preserving the sufficiency question where the trial court sits as the trier of fact in a bench trial.  Accordingly, Epperson did not preserve for appeal the question of whether the evidence was sufficient to support the conviction.

We consider whether we should invoke the ends of justice exception in order to review whether the evidence was sufficient.  See Jimenez v. Commonwealth, 241 Va. 244, 249-50, 402 S.E.2d 678, 680-81 (1991).  Because the record does not reveal a reason to invoke the ends of justice exception, Rule 5A:18 precludes our review of whether the evidence was sufficient.

Accordingly, we affirm the conviction.

Affirmed.