COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Clements and McClanahan
Argued at Salem, Virginia


SUSAN L. NEWSOME

MEMORANDUM OPINION* BY
v.        Record No. 2254-04-3          JUDGE ELIZABETH A. McCLANAHAN
                                        AUGUST 30, 2005
MARTIN W. NEARY


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
John J. McGrath, Jr., Judge

Shelly R. James (Franklin R. Blatt; Law Offices of Franklin R. Blatt,
on briefs), for appellant.

David A. Penrod (Hoover Penrod PLC, on brief), for appellee.


This appeal arises out of a divorce proceeding between Susan L. Newsome (mother) and

Martin W. Neary (father).  Mother appeals a trial court ruling that the parties' child attend public

school instead of private school.  She contends that the trial court erred in:  (1) ignoring credible

evidence supporting the child's attendance at a private school; and (2) failing to apply the correct

legal standard.  We affirm the decision of the trial court.

I. BACKGROUND

When reviewing a chancellor's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting him the benefit of any reasonable inferences.

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).  "That principle

requires us to discard the evidence of the appellant which conflicts, either directly or

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

inferentially, with the evidence presented by the appellee at trial." Id. (citations and internal quotation marks omitted).

The parties, who separated in January 2002, had two children, M. and C. They executed a separation agreement that gave the parties joint legal and physical custody of the children. The agreement also provided for M. to continue in private school through the 2003-04 school year and left open "for further negotiations" the issue of the children's further schooling. The trial court incorporated the agreement in a final decree of divorce in November 2003. Thereafter, the parties could not reach an agreement on whether M. should continue in private school for the 2004-05 school year and whether C. should attend kindergarten in private or public school. Because the parties could not reach an agreement, the trial court was asked to resolve the issue. The court held an *ore tenus* hearing one week before school was scheduled to start. The trial court ruled that M. should continue in her private schooling, but that C. should attend public kindergarten. Mother appealed only the decision regarding C.'s schooling.

## II. ANALYSIS

Mother argues that the trial court impermissibly ignored credible evidence that, if considered, would require a different result. Mother contends that the court ignored evidence about the child's familiarity with the private school, the disruption to the child's life, the quality of education, the diversity at the schools, the change of leadership at the private school, and the parties' tradition of sending their other children to the private school.

The record does not reflect that the trial court failed to consider this evidence. To the contrary, the court expressly stated in its order that it "considered carefully the evidence presented by both parties, including their testimony, the testimony of their witnesses, their exhibits, their legal authorities and the argument of their counsel." Likewise, the court is not required to recite in its ruling all of the evidence it considered in making that ruling. Indeed, in

this case, noting that time was "of the essence" and that it was without "secretarial help" for the week, the trial court explained that its ruling would be "without great elaboration." Moreover, a trial court is presumed to have considered the evidence presented and a trial court's failure to recite evidence in its ruling does not mean that such evidence was not considered. See Brown v. Brown, 218 Va. 196, 200, 237 S.E.2d 89, 92 (1977); Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990). Nothing in the present record rebuts that presumption.

Mother also contends that the trial court failed to apply the correct legal standard in making its decision. She argues that the trial court improperly required that mother show a "compelling reason" to send the child to the private school, instead of determining what was in the best interests of the child.

However, mother never made an objection or argument to the trial court on the grounds that the court had made its decision on a "compelling reason" standard instead of a "best interests" standard.

> As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal. Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it.

Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, aff'd on rehearing en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005); see also Code § 8.01-384(A). "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991); see also Buck v. Jordan, 256 Va. 535, 545, 508 S.E.2d 880, 885 (1998). "Ordinarily, endorsement of an order 'Seen and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error." Herring v. Herring, 33 Va. App. 281, 286,

532 S.E.2d 923, 927 (2000); see also Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993).  There is no appreciable difference between the broad statement, "seen and objected to" and mother's broad endorsement, "Objected to for reasons argued at trial and in Plaintiff's memorandum of law," particularly since none of the issues raised by mother in the memorandum or at trial related to her claim on appeal that the court made its decision on a "compelling reason" standard instead of a "best interests" standard.  Without a more specific objection, the trial court could not consider the issue and was not provided an opportunity to take any possible corrective action.  See Fortune v. Commonwealth, 14 Va. App. 225, 228, 416 S.E.2d 25, 27 (1992) (holding that an objection at trial satisfies the contemporaneous objection rule only where "the trial court considered the issue and had an opportunity to take corrective action").  Additionally, mother did not raise the issue with the trial court in a motion for reconsideration.  Thus, she has not preserved the argument for appeal.

### III. CONCLUSION

Accordingly, we affirm the decision of the trial court.

Affirmed.