COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Kelsey and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


BRUCE IVAN FUTRELL

                                              MEMORANDUM OPINION[*] BY
v.       Record No. 0207-06-1              JUDGE ROBERT J. HUMPHREYS
                                                  MARCH 13, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                           Bruce H. Kushner, Judge

            Robert L. Wegman for appellant.

            Jonathan M. Larcomb, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Bruce Ivan Futrell ("Futrell") appeals his conviction of attempted rape, in violation of

Code §§ 18.2-61[1] and 18.2-26,[2] arguing that the evidence was insufficient to support his

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-61 states that,

>       If any person has sexual intercourse with a complaining witness,
>       whether or not his or her spouse, or causes a complaining witness,
>       whether or not his or her spouse, to engage in sexual intercourse
>       with any other person and such act is accomplished (i) against the
>       complaining witness's will, by force, threat or intimidation of or
>       against the complaining witness or another person; or (ii) through
>       the use of the complaining witness's mental incapacity or physical
>       helplessness; or (iii) with a child under age 13 as the victim, he or
>       she shall be guilty of rape.

[2] Code § 18.2-26 states, in pertinent part:

>       Every person who attempts to commit an offense which is a
>       noncapital felony shall be punished as follows:

conviction.[3]  Specifically, Futrell argues that he lacked "the requisite specific intent to commit the act" and that "no direct ineffectual act was done towards its commission."  For the following reasons, we disagree.

When a defendant challenges the sufficiency of the evidence to sustain his convictions, "it is the appellate court's duty to examine the evidence that tends to support the convictions and to permit the convictions to stand unless they are plainly wrong or without evidentiary support." Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citing Code § 8.01-680)).  Moreover, "[i]f there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial."  Id.

"Attempted rape includes the intent to engage in sexual intercourse, and some direct, yet ineffectual, act toward its consummation."  Fortune v. Commonwealth, 14 Va. App. 225, 228, 416 S.E.2d 25, 27 (1992) (citing Chittum v. Commonwealth, 211 Va. 12, 15, 174 S.E.2d 779, 781 (1970)).

## A.  Intent

A fact finder can infer specific intent to commit rape when intent follows naturally from the conduct proven.  Id. (citing Green v. Commonwealth, 223 Va. 706, 711, 292 S.E.2d 605, 608-09 (1982)).  In other words, "[w]here the conduct of the accused, under conditions and circumstances described, points with reasonable certainty to a specific intent to commit rape, intent is established."  Id. (citing Green, 223 Va. at 711, 292 S.E.2d at 608-09).

---

(1) If the felony attempted is punishable by a maximum punishment of life imprisonment or a term of years in excess of twenty years, an attempt thereat shall be punishable as a Class 4 felony.

[3] Futrell was also indicted for attempted robbery; however, the trial court found him found him not guilty of that offense.

- 2 -

In many cases, the conduct is such that intent is easily inferred. Id. at 228-29, 416 S.E.2d at 27. For example, in Green, 223 Va. at 711, 292 S.E.2d at 608, the defendant shoved the victim on a bed, covered her head with a bedspread, unzipped her dress, ripped off her bra, threw her to the floor, climbed on top of her, pulled his pants down, and then fled as someone appeared. In Chittum, 211 Va. at 16, 174 S.E.2d at 780, the defendant forced the victim to drive with him to an unpaved road early in the morning, got in the front seat with her, held her by the arm, pointed a cocked pistol at her, ordered her to lie down, and then while he was unzipping his pants, she escaped. And, in Granberry v. Commonwealth, 184 Va. 674, 676, 36 S.E.2d 547, 547 (1946), the defendant forcibly took the victim to an unoccupied lot, told her to lie down, pulled up her dress, and took off her pants.

In other cases, "intent has been less obvious." Fortune, 14 Va. App. at 229, 416 S.E.2d at 27 (citing Ingram v. Commonwealth, 192 Va. 794, 802, 66 S.E.2d 846, 847 (1951) (where the victim, alone in her house, answered a knock on the door, the defendant lunged toward her, grabbed her neck, and began choking her, the evidence was sufficient to infer intent to commit rape)). In any event, the fact finder "is often allowed broad latitude in determining the specific intent of the actor." Id. (citing Ridley v. Commonwealth, 219 Va. 834, 837, 252 S.E.2d 313, 314 (1979)).

Here, Futrell encountered Daniels at a 7-11, and he told her that she was a "very pretty girl." Hours later, he encountered Daniels again as she was on her way to a friend's house. Futrell asked for a cigarette. Daniels gave him one, and continued walking in the direction of her friend's house. She then heard Futrell ask if she could "do him a favor." Daniels believed that Futrell was asking for a "sexual favor," and she told him that she did not "do favors for people [she didn't] know." Daniels attempted to walk away, but Futrell jumped on her back, and pulled her to the ground.

- 3 -

Daniels landed face first on the ground. Futrell flipped her over, got on top of her, and started to pull down her pants. He pulled her pants down to about "mid-hip," and Daniels tried to pull them back up. While lying on top of Daniels, Futrell asked her for money. Daniels threw the money behind her head, in hopes that Futrell would get off of her to retrieve the money. Instead, Futrell forced her down again, and Daniels managed to escape.

During oral argument, Futrell's counsel argued that Futrell could have pulled Daniels' pants down in an attempt to steal Daniels' pants, or in an attempt to keep Daniels from running away. And because there are other reasonable explanations for his actions, Futrell argues that the evidence was insufficient to prove the requisite intent. However, viewing the facts in the light most favorable to the Commonwealth as the party which prevailed below, see Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003), we hold that a reasonable fact finder could find that by asking Daniels for "a favor," forcing her to the ground from behind, and attempting to remove her pants, Futrell was preparing to have non-consensual sexual intercourse with Daniels. See Fortune, 14 Va. App. at 229, 416 S.E.2d at 27-28 ("Common to these cases is evidence of conduct consistent with preparation for sexual intercourse: shoving a victim onto a bed, telling a victim to lie down, removing or attempting to remove a victim's outer clothing or underclothing, often while the defendant is removing or loosening his own clothing."). Thus, we hold that the trial court did not err in finding that Futrell possessed the requisite intent to commit rape.

### B. Overt Act

The Commonwealth must prove an overt act for an attempted offense "because without it, there is too much uncertainty as to the accused's actual intent." Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986). And, "where intent has been

shown, any slight act done in furtherance of this intent will constitute an attempt." Fortune, 14 Va. App. at 229, 416 S.E.2d at 28.

In this case, because the Commonwealth proved that Futrell had the requisite intent, only a slight act in furtherance of the crime was required. Here, Futrell pushed Daniels to the ground and attempted to remove her pants. Moreover, after Daniels threw the money behind her head, Futrell did not get off of her. Instead he remained on top of her, and continued to force her to the ground. We hold that a reasonable fact finder could find these actions to be overt acts in furtherance of the commission of a rape. Accordingly, we hold that the trial court did not err in finding that Futrell committed an overt act in furtherance of rape.

CONCLUSION

Because the evidence was sufficient to support both the finding of the requisite intent and a finding that Futrell committed an overt act in furtherance of the crime, we hold that the trial court did not err in convicting Futrell of attempted rape, in violation of Code §§ 18.2-61 and 18.2-26. Accordingly, we affirm the conviction.

Affirmed.