COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Beales and Huff
Argued at: Chesapeake, Virginia


CITY OF NORFOLK, DEPARTMENT
 OF HUMAN SERVICES

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0936-13-1                      JUDGE ROBERT J. HUMPHREYS
                                                    JANUARY 14, 2014

OCTAVIOUS PERSON


                 FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Jerrauld C. Jones, Judge

            Erikka M. Massie, Assistant City Attorney (Stephanie J. Peebles,
            Guardian *ad litem* for the infant child; Office of the City Attorney;
            Peebles Law Group, P.C., on brief), for appellant.

            No brief or argument for appellee.[1]


        The City of Norfolk Department of Human Services ("DHS") appeals the Norfolk Circuit

Court's (the "circuit court") denial of a petition to terminate the residual parental rights of

Octavious Person ("Person") with regard to his son ("J.S.").[2]  DHS's two assignments of error

are: (1) DHS presented prima facie evidence sufficient to meet the elements of Code

§ 16.1-283(C)(1) and (C)(2), and the circuit court erred when it rejected the evidence without

any showing that the parent had good cause for his failures; and (2) the circuit court erred by

denying the goal of adoption for the permanency plan.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Bruce Sams was appointed as Person's counsel and was properly served notice of this
appeal but did not file an appellee's brief on Person's behalf.

        [2] J.S.'s guardian *ad litem* supports DHS's position.

I. PRESERVATION OF ASSIGNMENTS OF ERROR

We must first address whether DHS properly preserved its assignments of error. DHS concedes that it did not make a formal objection to the ruling of the circuit court. However, it argues that a formal objection is not required under Code § 8.01-384 because it stated its reasons for opposing the circuit court's final order in its closing argument.

The purpose of Rule 5A:18 is "to ensure that the [circuit] court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the [circuit] court." Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2007). Formal objections to circuit court rulings are not always required to properly preserve an issue for appeal. See Code § 8.01-384. In order to comply with Code § 8.01-384 and Rule 5A:18 "counsel may make clear the ground for his objection in a motion to strike the evidence or in closing argument." Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991). "If a closing argument adequately advises the circuit court of the defendant's position and if it is clear that the [circuit] court considered the issue and had an opportunity to take corrective action, the contemporaneous objection rule is satisfied." Fortune v. Commonwealth, 14 Va. App. 225, 228, 416 S.E.2d 25, 27 (1992).

In this case, DHS asserts that it made its "position known through closing argument and clearly stated the reasons for opposing the court's final ruling." During closing argument, DHS's counsel discussed with the judge which facts supported the termination of Person's parental rights pursuant to Code § 16.1-283 and why a plan for adoption was in J.S.'s best interest. We will assume arguendo that its closing remarks were sufficient to inform the circuit court of DHS's position and to resolve the merits of the argument at issue in the assignments of error.[3]

---

[3] DHS also contends that it presented evidence in support of Code § 16.1-283 but the circuit court considered factors other than those provided by the statute—for example, the age of the father when the child was conceived, the relationship between the mother and the father, and

## II. STANDARD OF REVIEW

"'In matters of a child's welfare, [circuit] courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). This Court presumes that the circuit court "thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. "On appeal from the [denial of a petition for the] termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." Tackett v. Arlington Cnty. Dep't of Human Servs., 62 Va. App. 296, 303, 746 S.E.2d 509, 513 (2013). Where the circuit court's judgment is based on evidence heard ore tenus, its decision is entitled to great weight and "'will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 460 (quoting Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1998)). Thus, this Court will not reverse the circuit court's determination unless there was insufficient evidence to support it.

## III. ANALYSIS

DHS first argues that the circuit court erred in finding that it failed to meet its burden of proof under Code § 16.1-283(C)(1) or (C)(2). Before residual parental rights can be terminated under Code § 16.1-283(C) "a trial judge must make two separate inquiries." Richmond Dep't of Soc. Servs. v. Crawley, 47 Va. App. 572, 579, 625 S.E.2d 670, 673 (2006). The circuit court

---

what the outcome would have been if the mother's rights were not terminated. Based on this assertion DHS argues that it "has shown good cause to enable to Court of Appeals to attain the ends of justice as required under [R]ule 5A:18." It is unclear from the DHS's opening brief whether this argument is intended to be an independent basis justifying the "ends of justice" exception to Rule 5A:18, or whether it is intended to support DHS's position that the issues were properly preserved. Given our previous holding, we need not address this argument.

must find, "based on clear and convincing evidence," that (i) "[termination] is in the best interests of the child *and*" (ii) DHS met its burden of proving the requirements of subsections (C)(1) or (C)(2).  Code § 16.1-283(C) (emphasis added); see Crawley, 47 Va. App. at 578-79, 625 S.E.2d at 673.

"The first prong is to determine the child's best interests."  Crawley, 47 Va. App. at 578-79, 625 S.E.2d at 673.  Importantly, the best interest of the child is the "threshold test."  Id. In determining what is in the best interests of the child, the circuit court must evaluate and consider many factors:  the age and physical and mental condition of the child; the age and physical and mental condition of the parent; the relationship existing between the parent and the child; the needs of the child; the role the parent has played, and will play in the future, in the upbringing and care of the child; and any other such other factors that are necessary.  Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).  Code § 16.1-283(C)'s "second prong relates to the parent's relationship with the child or remedying of the conditions that led to foster care."  Crawley, 47 Va. App. at 579, 625 S.E.2d at 673.  *If* the circuit court finds that termination is in the best interest of the child, the circuit court may only terminate parental rights if it *also* finds clear and convincing evidence that *either*:  (1) DHS made reasonable and appropriate efforts to "communicate with the parent" and "strengthen the parent-child relationship," and despite those efforts, the parent failed "without good cause" "to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care," Code § 16.1-283(C)(1); or, alternatively, (2) DHS "offered 'reasonable and appropriate' services" to the parent to help them remedy the conditions which led to or required continuation of the child's foster care placement, and despite those services, the parent failed "'without good cause' to remedy those conditions 'within a reasonable amount of time not to exceed twelve months from the date the child was

- 4 -

placed in foster care,'" Harrison v. Tazewell Cnty. Dep't of Soc. Servs., 42 Va. App. 149, 161, 590 S.E.2d 575, 581 (2004) (quoting Code § 16.1-283(C)(2)).

Specifically, DHS's assignment of error is that it presented prima facie evidence sufficient to meet the elements of Code § 16.1-283(C)(1) or (C)(2) and "the [circuit] court erred when [it] rejected the evidence without any showing the parent had good cause for his failures." DHS argues that terminating Person's parental rights is in J.S.'s best interest because of (i) the limited role that Person has historically played in his son's life, and (ii) Person's continued incarceration. In support, DHS asserts that because the father and son do not currently share a strong bond, termination would not jeopardize J.S.'s emotional well-being, thus his interests would better be served by terminating Person's parental rights—making J.S. eligible for adoption. In addition to claiming that termination is in J.S.'s best interest, DHS further argues that termination was proper under Code § 16.1-283(C)(1) because Person, without good cause, failed to maintain continuing contact with J.S. or substantially plan for his future. Despite DHS's efforts, DHS argues that Person did not make an effort to communicate with his son and did not provide a clear plan of how he would assume custody upon release. Alternatively, DHS asserts that termination was also proper under Code § 16.1-283(C)(2) because Person, without good cause, was unwilling or unable to remedy the conditions that require the continuation of foster care "aside from his incarceration." Although DHS concedes that incarceration alone is insufficient grounds to terminate parental rights, it argues that Person did not take other steps to remedy the conditions that require foster case; "Person [additionally] failed to seek out his child for the first three months of foster care placement, and failed to seek out a relationship with his child after he was aware the child was placed in foster care."

Rejecting DHS's argument that termination was in J.S.'s best interest due to Person's continued incarceration and his lacking efforts to develop a relationship with J.S., the circuit

court denied the petition to terminate Person's parental rights on the basis that the evidence did not support a finding that termination is in J.S.'s best interest—the first prong of Code § 16.1-283(C). See Crawley, 47 Va. App. at 579, 625 S.E.2d at 673. The circuit court concluded that Person's incarceration was "not so interminable long that [it could] easily find that [termination is] in the best interest of the child."[4] Further, the circuit court did not find any evidence relating to the parent/child relationship that considered with Person's short-term incarceration supported a finding that the termination of his parental rights was in J.S.'s best interest[5]—Person was making plans to regain custody of J.S. upon his release, and there was evidence of a growing positive child/parent relationship. In short, the circuit court concluded that DHS failed to carry its burden to prove by clear and convincing evidence that the termination of Person's parental rights was in the best interests of his child.

When reviewing a circuit court's decision concerning the best interest of a child and parental rights, this Court presumes that the circuit court thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interest. Farley, 9 Va. App. at 329, 387 S.E.2d at 796; see also Code § 8.01-680 ("[T]he judgment of the [circuit] court shall not be set aside unless it appears from the evidence that such

_____

[4] This Court has held that "*long-term* incarceration does not, per se, authorize termination of parental rights." Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992) (emphasis added) (finding that the record contained sufficient evidence that parental rights were properly terminated under Code § 16.1-283(C)(1) where the father was serving a life sentence for first-degree murder *and* there was other evidence supporting termination).

[5] A parent's long-term incarceration could be "a valid and proper circumstance which, *when combined with other evidence concerning the parent/child relationship*, can support a court's finding by clear and convincing evidence that the best interests of the children will be served by termination." Ferguson, 14 Va. App. at 340, 417 S.E.2d at 5 (emphasis added). "If there is 'reason to believe that positive, nurturing parent-child relationships exist, the [state's] *parens patriae* interest favors preservation, not severance, of natural familial bonds.'" Crawley, 47 Va. App. at 581, 625 S.E.2d at 674 (quoting Santosky v. Kramer, 455 U.S. 745, 766-67 (1982)).

- 6 -

judgment is plainly wrong or without evidence to support it."). This Court will not "substitute [its] judgment for that of the trier of fact," Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (citing Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998)), nor will it "reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because it has no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004). Despite this well-settled principle of appellate review, DHS's assignment of error essentially asks this Court to reweigh the evidence and make a different factual determination—one favorable to DHS. DHS asks this Court to find that the circuit court incorrectly evaluated the evidence and in turn conclude that DHS did in fact meet its burden of proof. Id. (stating that "the trial on the merits should be 'the "main event" . . . rather than a "tryout on the road"'" (quoting Anderson v. Bessemer City, 470 U.S. 564, 574-75 (1985))). This assignment of error is outside the bounds of appellate review, and this Court cannot rephrase an assignment of error so that it fits within them. Cf. Commonwealth v. Brown, 279 Va. 235, 241, 687 S.E.2d 742, 745 (2010) (the Court may not "recast" appellant's arguments). Consequently, we conclude that DHS's first assignment of error fails to state any error that is reviewable by this Court.

DHS's second assignment of error is that the circuit court erred by denying the goal of adoption for the permanency plan. In support of its position that substantial evidence in the record supports the approval of the adoption goal, DHS reiterates the same arguments it asserts in its first assignment of error—including the fact that no relatives could provide a home for J.S. and his father has not remedied the conditions which led to the child's placement in foster care. Resolution of the first assignment of error also disposes of, as a matter of law, the second assignment of error for the same reason—DHS is asking this Court to assume a fact-finding

function.  Moreover, because Person's parental rights were not terminated, the circuit court may not approve a plan for adoption and therefore could not have erred in failing to do so.

## IV. CONCLUSION

Accordingly, we affirm the circuit court's denial of DHS's petition to terminate Person's parental rights and denial of DHS's foster care plan with the goal of adoption.

<u>Affirmed.</u>