COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Beales and Decker
Argued by teleconference

BRANDON VALENTIN

MEMORANDUM OPINION* BY
v.      Record No. 1791-13-3              JUDGE MARLA GRAFF DECKER
                                          FEBRUARY 3, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

Justin L. Corder (John C. Holloran; The Law Offices of John C.
Holloran, on briefs), for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Brandon Valentin appeals his conviction for attempted forcible anal sodomy, in violation of

Code §§ 18.2-26 and -67.1. He contends that the evidence was insufficient to support his conviction

because it failed to show that he attempted to engage in anal intercourse with the victim. We hold

the evidence supports the trial court's determination that the appellant acted with the requisite intent

and committed a sufficient overt act in furtherance of that intent.[1] Therefore, we affirm the

challenged conviction.

---
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commonwealth argues that the appellant failed to properly present the claim that
the evidence was insufficient to prove the intent element of the offense. We hold, based on
Commonwealth v. Herring, 288 Va. 59, 67-69, 758 S.E.2d 225, 230-31 (2014), that the
appellant's assignment of error was sufficient to comply with Rule 5A:12(c) and the issue of
intent is properly before the Court.

# I. BACKGROUND[2]

## A. *The Offenses*

Sometime during the night of October 19 and into the early morning hours of October 20, 2012, the appellant and a co-defendant, Darien Vasquez, broke into the townhouse in which the victim was living. They held the victim at knifepoint, committed various criminal sexual acts against her, and stole numerous items from the townhouse. The victim contacted the police immediately upon their departure. The appellant and Vasquez were apprehended a short time later. Law enforcement recovered evidence linking Vasquez and the appellant to the crimes, and the appellant admitted his participation. The appellant was convicted of twelve felonies, including rape, abduction with intent to defile, and attempted forcible sodomy. He was sentenced to a total of 148 years, with 80 years suspended.

## B. *Procedural History and Trial*

The grand jury issued two indictments against the appellant regarding the circumstances that gave rise to the attempted forcible sodomy conviction. Those indictments charged him with attempted forcible *sexual* intercourse and attempted forcible *anal* intercourse.

The evidence presented at a joint bench trial established that Vasquez was the initial aggressor, holding a knife to the victim's throat while the appellant, who was also holding a knife, stood in the doorway of her bedroom. Vasquez demanded "all [the victim's] money," and when she said she had none, he told her that she was "going to die." The victim showed Vasquez various items of value in her room, including her computer, credit cards and gaming equipment.

---

[2] On appeal this Court views the evidence presented at trial "in the light most favorable to the Commonwealth, the prevailing party below." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

Vasquez then turned his attention to the victim herself, ordering her to remove her clothes and to perform fellatio on him. He threatened to kill her if she failed to do as she was told. Vasquez repeatedly "pushe[d] [the victim's] head onto his penis," choking her as he did so. He then ordered the victim to retrieve a condom and put it on his penis. Once she complied, he proceeded to rape her.

Vasquez next told the victim to get a condom for the appellant and "to make them both happy." More specifically, Vasquez ordered her to "suck him off again" and said that "while [she] was doing that[, the appellant] was going to fuck [her] from behind." Vasquez lay on the bed with the knife still in his hand, and the victim "leaned down" over him and did as he had ordered. While the victim was "bending over," she could not see the appellant but could tell that he was "behind [her] trying, . . . rubbing against [her]." The victim confirmed that while she was bending over "giving oral sodomy to [Vasquez]," the appellant "[was] trying to enter [her]" but that he was "unable to make penile vaginal or anal penetration" at that time. She further testified that the appellant's penis never "[went] into either [her] anus or [her] vaginal area." Finally, she said that the appellant threatened to "kill [her] if [she] turn[ed] around."

After the appellant's failed attempt to penetrate the victim from behind, Vasquez left the bedroom. The appellant locked the bedroom door and raped her. Vasquez returned and took the victim to the bathroom, where he again forced her to perform fellatio on him, slapping and hitting her throughout the act. Vasquez told the victim that he wanted to penetrate her anally, and he tried to do so without success while the appellant again stood in the doorway blocking the victim's exit.

The two men then led the victim downstairs at knifepoint and started moving various items of personal property out the window. Vasquez again forced the victim to perform fellatio on him and then partially penetrated her anus with his penis. He also penetrated her anus with an

- 3 -

unidentified object he held in his hand. Vasquez jabbed the victim with his knife and said that they would kill her if she told anyone.

The appellant, when interviewed by Investigator Mike Spiggle of the Harrisonburg Police Department, and again in a brief written statement, admitted engaging in vaginal intercourse with the victim while they were alone in her locked bedroom. The appellant also admitted touching the victim's buttocks when she was leaning over "during . . . oral sex" with Vasquez. The appellant "agreed that his semen would be found inside of [the victim's] vagina and on the condom that was [found in] his pocket."

The appellant also had a conversation with Vasquez while they were in adjacent interview rooms. That conversation was recorded without their knowledge and admitted into evidence at trial. During the conversation between the two co-defendants, the appellant admitted to Vasquez that he had sexual intercourse with the victim but said that she did not perform fellatio on him. At another point, Vasquez said to the appellant, "They're tryin to say somebody sticked it up her ass." He asked the appellant, "Did you do it?" The appellant responded that he did not. At another point during the conversation, the appellant said to Vasquez, "[s]hould have killed that bitch," referring to the victim.

The appellant challenged the sufficiency of the evidence in his motions to strike and closing argument. Regarding the indictments for attempted rape and attempted anal sodomy, the appellant argued that the victim said the appellant "came up behind her and was rubbing something on her." He further argued that, in his confession, he said that "he was rubbing his hand" and "touched her butt and vagina." The appellant asked the court to "look at the elements of the crimes" and asserted that the evidence was insufficient to prove intent. The prosecutor replied that the victim "clearly says she feels [the appellant's] penis trying to go into her anus

and vaginal area as she is bent over Vasquez" but that "he's not successful." The trial court denied the motion to strike the evidence of these offenses.

In announcing its ruling, the trial court found that the testimony of the victim was "credible, believable, and . . . consistent." The court also found that her testimony established what happened as to "the sequence of events . . . [of] the sexual activity." The court deduced from the evidence that the act charged as attempted forcible *sexual* intercourse and the act charged as attempted forcible *anal* intercourse were "the same act." It further opined that the appellant's intention "was to sodomize [the victim] at that point in time, not [to] rape her vaginally." As a result, the court simultaneously convicted the appellant of attempted forcible *anal* intercourse and acquitted him of attempted forcible *sexual* intercourse. In doing so, the court noted that the appellant was behind the victim and "push[ed] . . . [his] penis against that area of her body" but was "not successful in gaining that entry." It specifically found beyond a reasonable doubt that the appellant "intended to commit forcible anal insertion" and that "the pushing of [his] penis against that area of her body" was "a direct act towards this commission." The appellant received a sentence of ten years with five years suspended for that offense.

## II. ANALYSIS

The appellant was convicted of "unlawfully and feloniously attempt[ing] to engage in anal intercourse with [the victim], against her will by force, threat, or intimidation." He contends that the evidence is insufficient to prove that he acted with the requisite intent and committed a direct act toward the consummation of that intent. He further argues that the actions proved by the evidence fail to show attempted anal penetration rather than vaginal penetration.

On appeal of a criminal conviction, the Court views the evidence presented at trial "in the light most favorable to the Commonwealth," the party that prevailed below. Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). In addition, decisions regarding

the credibility of the witnesses and the weight of the evidence are matters left solely to the fact finder. Redmond v. Commonwealth, 57 Va. App. 254, 265, 701 S.E.2d 81, 86 (2010). The fact finder, however, is not required to believe all aspects of a witness' statement or testimony. Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (*en banc*); see Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). Instead, it may "accept the parts of a witness' testimony it finds believable and reject other parts as implausible." Moyer, 33 Va. App. at 28, 531 S.E.2d at 590. Similarly, the fact finder "need not believe an accused's explanation and, if that explanation is not believed, may infer that the accused is lying to conceal his guilt." Phan v. Commonwealth, 258 Va. 506, 511, 521 S.E.2d 282, 284 (1999).

In considering the evidence as a whole, this Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). This is so because it is the trier of fact, not the appellate court, that resolves conflicts in testimony, weighs the evidence, and draws reasonable inferences "'from basic facts to ultimate facts.'" Kelly v. Commonwealth, 41 Va. App. 250, 257-58, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319). Thus, the question, based on the record before this Court, is "'whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. at 257, 584 S.E.2d at 447 (emphasis added) (quoting Jackson, 443 U.S. at 319).

The conviction at issue is attempted forcible anal sodomy. An "attempt" is composed of: (1) the intention to commit the crime and (2) the doing of some direct act towards its consummation that is "more than mere preparation but falls short of execution of the ultimate purpose." Gray v. Commonwealth, 260 Va. 675, 681, 537 S.E.2d 862, 866 (2000). What constitutes an attempt "is often intricate and difficult to determine." Sizemore v.

Commonwealth, 218 Va. 980, 985, 243 S.E.2d 212, 215 (1978). As a result, "no general rule can be laid down which will serve as a test in all cases. Each case must be determined on its own facts." Id.

An alleged offender's intent "may, and often must, be inferred from the facts and circumstances in a particular case," including that person's conduct. Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). Whether an alternative hypothesis of innocence is reasonable is also a question of fact that will be reversed on appeal only if plainly wrong. Stevens v. Commonwealth, 38 Va. App. 528, 535, 567 S.E.2d 537, 540 (2002). Merely because a defendant's theory of the case differs from that of the Commonwealth "does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence [remains] a matter for the [fact finder] to decide." Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964). In cases involving an attempt to commit a crime, "the fact finder is often allowed broad latitude in determining the specific intent of the actor." Fortune v. Commonwealth, 14 Va. App. 225, 229, 416 S.E.2d 25, 27 (1992) (attempted rape), quoted with approval in Siquina v. Commonwealth, 28 Va. App. 694, 700, 508 S.E.2d 350, 353 (1998) (holding that the evidence need not show that the defendant touched his victim's sexual organs to reasonably infer his specific intent to rape).

Regarding the direct or "overt" act requirement, the act proved "'need not be the last proximate act to the consummation of the crime in contemplation.'" Wilson v. Commonwealth, 249 Va. 95, 101-02, 452 S.E.2d 669, 674 (1995) (holding that the evidence was sufficient to prove the necessary overt act for attempted rape where the defendant forced the victim to strip,

tied her on her back to the bed, and was close enough to her to deposit pubic hair and semen on her body) (quoting Granberry v. Commonwealth, 184 Va. 674, 678, 36 S.E.2d 547, 548 (1946)). An overt act is required to prove an attempt because without one, "too much uncertainty [may exist] as to the accused's actual intent. However, if 'the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt.'" Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986) (citation omitted) (quoting State v. Bell, 316 S.E.2d 611, 616 (N.C. 1984)). Compare Granberry, 184 Va. at 676, 678, 36 S.E.2d at 547, 548 (holding that the evidence proved the overt act necessary for attempted rape where the defendant took the victim to a vacant lot at knifepoint, began unbuttoning his pants, and ordered the victim to lie down, pull up her dress, and pull down her pants), cited with approval in Chittum v. Commonwealth, 211 Va. 12, 16-17, 174 S.E.2d 779, 781-82 (1970), with Mullins v. Commonwealth, 174 Va. 477, 478-79, 5 S.E.2d 491, 491-92 (1939) (holding that the evidence was insufficient to prove an overt act for attempted rape where the defendant lured a seven-year-old girl into the woods with a promise of candy but pursued her no further after he suggested sexual intercourse, he "snatch[ed] a button from her snowsuit," and the child told him to leave her alone).

In the instant case, the indictments obtained by the Commonwealth presented the trial court with multiple fact-finding options regarding the appellant's behavior and intent when he approached the naked victim from behind while she was bending over as ordered. Those options permitted the court to acquit the appellant of both charged attempt crimes, convict him of both crimes, or convict him of one and acquit him of the other. Exercising its fact-finding duties, the trial court first found that the charged acts of attempted forcible *sexual* intercourse and attempted forcible *anal* intercourse were "the same act," thereby concluding that the appellant could be

- 8 -

convicted of only one of the offenses. It then found that the evidence proved attempted forcible anal intercourse and, consistent with this finding, dismissed the other charge.

Thus, the question before this Court on appeal is whether "'*any* rational trier of fact could have found the essential elements of [this] crime beyond a reasonable doubt.'" Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). We hold that, in light of the trial court's duty to resolve conflicts in the testimony and draw reasonable inferences "'from basic facts to ultimate facts,'" the record supports the result reached by the trial court. See id. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Applying the correct legal standard, we conclude that the evidence was sufficient to prove that the appellant both intended to penetrate the victim anally with his penis and committed an overt act directed toward the consummation of the crime of forcible anal intercourse.

After Vasquez forced the victim to perform oral sodomy on him and then raped her, Vasquez ordered her "to make them both happy." Vasquez instructed the victim to "suck him off again" and told her that "while [the victim] was doing that [the appellant] was going to fuck [her] from behind." The appellant himself did not say anything at that time about his intent. However, he took immediate action following Vasquez's statement, and that action supported the conclusion that he shared Vasquez's intent for him to engage in some sort of sexual contact with the naked victim. Cf. Moody v. Commonwealth, 28 Va. App. 702, 707-08, 508 S.E.2d 354, 356-57 (1998) (recognizing that a defendant may commit a single act with multiple criminal intents). In addition, the victim, whose testimony the trial court expressly found credible, said that while she was naked and bending over performing oral sex on Vasquez, the appellant was "behind [her] trying, . . . rubbing against [her]," and she confirmed that he was "*trying to enter [her].*" (Emphasis added). The victim also testified that the appellant's penis did not go *into* her "vaginal area" or "anus." The reasonable inference from her testimony, viewed in combination

and in the light most favorable to the Commonwealth, is that the appellant's penis was in the area of the victim's anus. Further supporting this inference is the appellant's admission to police that he came into contact with the victim's buttocks. The trial court, which was entitled to draw reasonable inferences from the proven facts, found, based on this evidence, that the appellant was behind the victim and "pushing" his penis against "[the anal] area of her body." See Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447. After seeing the witnesses, listening to them testify, and viewing all of the evidence, it concluded that the evidence was sufficient to prove both that the appellant "intended to commit forcible anal insertion" and that he "did a direct act towards this commission." On this record, the trial court's rejection of the hypotheses of innocence advanced by the appellant was not plainly wrong, and ample evidence supported its conclusion to the contrary. See Miles, 205 Va. at 467, 138 S.E.2d at 27.

## III. CONCLUSION

We hold the evidence supported the trial court's findings that the appellant acted with the requisite intent to forcibly anally sodomize the victim and committed a sufficient overt act in furtherance of that intent. Therefore, we affirm the conviction.

Affirmed.