# Staunton.

## STROUTHER v. COMMONWEALTH.

### SEPTEMBER 26, 1895.

1. CRIMINAL LAW—*Property Stolen Outside of this State and Brought Into the State by Thief.*—One who steals property at a place beyond the jurisdiction of this State, and brings the same into the State, cannot be lawfully convicted of the larceny in this State.

Error to a judgment of the Corporation Court of the city of Winchester, rendered July 23, 1895, sentencing the plaintiff in error to confinement in the penitentiary for a term of five years.

*Reversed.*

This was an indictment for larceny. The indictment contained two counts. The first count charged the plaintiff in error, Carter Strouther, with the larceny of a horse in the city of Winchester, Va. The second count charged that the plaintiff in error, " on the ―― day of June, 1895, at the county of Berkley, in the State of West Virginia, did then and there feloniously steal, take, and carry away from the said county of Berkley, State of West Virginia, and did then and there feloniously bring into the city of Winchester, State of Virginia, and within the jurisdiction of the Corporation Court of said city of Winchester, State of Virginia, one iron-gray horse, of the value of one hundred dollars, of the goods and chattels of one John B. Tate, against the peace and dignity of the State of Virginia."

The prisoner pleaded in abatement the want of jurisdiction of the Corporation Court of Winchester. To this plea "the Commonwealth, through its attorney, replied generally; and the court, after hearing the plea, overruled the same. Thereupon the prisoner, by his counsel, demurred generally to the indictment, and to each count thereof, which demurrer the court overruled." " Whereupon the prisoner, being arraigned, pleaded 'not guilty,' and afterwards withdrew the plea of 'not guilty' as to the second count of the indictment, and pleaded 'guilty' as to said second count."

Upon the trial the jury found the prisoner guilty "as charged in the indictment," and fixed the term of his imprisonment in the penitentiary at five years, and judgment was entered in accordance with the verdict.

*J. M. Steek*, for the plaintiff in error.

*Attorney-General R. Taylor Scott*, for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

The question raised in this case is, whether or not one who steals property at a place beyond the jurisdiction of this State, and brings the same into this State, can be lawfully convicted of the larceny in our courts.

The Attorney-General relies on section 3890 of the Code as furnishing legislative authority for taking jurisdiction in such cases. This section was only intended to define the jurisdiction of our courts to try the offences arising under certain special statutes, and has no application here.

The case of *Commonwealth* v. *Gaines*, 2 Va. Cases, p. 172, is also relied on as a precedent to support this conviction. That case turned on the construction of a statute which disappeared from our laws in 1819, and, it may be fairly pre-

sumed, was repealed because the Legislature preferred that the rule in Virginia should continue as at common law.

There being no statute in this State, and no decision of this court to which we can look for an answer to the question here raised, we must turn to the common law for the rule that is to govern us. It has been a settled principle of the common law, from an early day, in England, that where property is stolen in one county, and the thief has been found, with the stolen property in his possession, in another county, he may be tried in either. This practice prevailed notwithstanding the general rule that every prosecution for a criminal cause must be in the county where the crime was committed. The exception to the general rule grew out of a fiction of the law, that, where property has been feloniously taken, every act of removal or change of possession by the thief constituted a new taking and asportation; and, as the right of possession, as well as the right of property, continues in the owner, every such act is a new violation of the owner's right of property and possession. There is no principle, in respect to larceny, better settled than this, and it has received repeated sanction in this State. *Cousins's Case*, 2 Leigh 769.

This rule of the common law, however, was never extended farther than to counties.

Where goods were stolen in one country and brought by the thief into another country, the latter country, by the English common law, has no jurisdiction. Wharton's Criminal Law (9th edition), sec. 291; *Stanley* v. *State*, 24 Ohio St. 166; *Commonwealth* v. *Uprichard*, 3 Gray (Mass.) 434.

This question has arisen in a number of the States. Some hold to the view that the States, being all under one general government, stand in the relation of counties, and that, therefore, the common law, by analogy, applies. We think, however, that the weight of authority sustains the view that the States are separate and independent; that, in the admin-

istration of criminal law, they are sovereign, and, in their respective jurisdictions and the laws which regulate their internal police, they are as foreign to each other as each State is to foreign governments; and, therefore, except in those States where statutory provision is made for the punishment of crimes committed in another jurisdiction, the common law rule prevails, which, we have seen, furnishes no warrant for the conviction in this State of one who steals property in another State and brings it within our borders. *State* v. *Brown*, 1 Hayw. (N. C.) 100; *Lee* v. *State*, 64 Ga. 203, and other cases.

A perpetual extradition treaty exists between the States, it being provided in the Constitution of the United States (Article IV., section 2) that "a person charged in any State with treason, felony, or other crime, who shall flee from justice and shall be found in another, shall, on demand of the executive authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime."

Under this provision of the Constitution there is no need for the guilty to escape. We sustain no relation to the accused when arrested here, charged with stealing in a place beyond the jurisdiction of this State, except that of detaining him temporarily, as a fugitive from justice, until the requisition provided for can be secured to return him to the jurisdiction where his crime was committed.

A number of States have enacted laws for the punishment of crime in cases like this. Virginia has not, and the arguments for and against the policy of such laws may, with propriety, be addressed to the Legislature. Courts must administer the law as it is.

For these reasons, we are of opinion that the Corporation Court of the city of Winchester was without jurisdiction to try the plaintiff in error for the crime charged in the indict-

ment; and its judgment is, therefore, reversed, annulled, and set aside.

*Reversed.*