COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


DIEGO COTOC SIQUINA
                                              OPINION BY
v.   Record No. 2611-97-4         JUDGE ROSEMARIE ANNUNZIATA
                                        DECEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    Paul F. Sheridan, Judge

        Gary H. Smith for appellant.

        Eugene Murphy, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Diego Cotoc Siquina ("appellant") was convicted of taking

indecent liberties with a child and attempted rape.  Appellant

challenges the sufficiency of the evidence as to both

convictions.  For the reasons that follow, we affirm.

     Under familiar principles, we view the evidence in the light

most favorable to the Commonwealth, the party prevailing below,

granting to it all reasonable inferences fairly deducible

therefrom.  Clifton v. Commonwealth, 22 Va. App. 178, 180, 468

S.E.2d 155, 156 (1996).  We will not reverse the judgment of the

trial court unless it is plainly wrong or without evidence to

support it.  Code § 8.01-680.

     Muaricio Maradriaga and appellant went to the apartment of

M.F., a friend of Maradriaga, and suggested they dine together.

M.F. agreed to prepare food and invited them into her kitchen

while she did so.  M.F. did not know appellant.  Once the food

was ready, M.F.'s guests dined in the kitchen.

After dinner, M.F. put on a video for her five-year-old daughter, V.B., to watch in the apartment's bedroom. Appellant was in the bedroom alone with V.B., when he put his hand over her mouth, grabbed and twisted her hand, and took her into an adjacent bathroom. Closing the door behind him, appellant kissed V.B., placing his tongue in her mouth. Appellant then told the child to stoop down over the toilet. Demonstrating what appellant wanted her to do at trial, V.B. indicated that she bent over the toilet with her head toward the tank and her buttocks facing out. Appellant unzipped his pants, at which time V.B. saw his underwear. V.B. never saw appellant's genitals.

M.F. quickly noticed that the bathroom door was closed and that V.B. and appellant could not be found anywhere in the apartment. Her suspicions raised, M.F. went to the door and pulled it open. M.F. saw appellant and V.B. standing up straight beside the toilet and facing her. Appellant was immediately behind and very close to V.B., almost touching her when M.F. first saw them. As she pulled V.B. out of the room, M.F. saw that appellant's pants and underwear were pulled down to his feet, exposing his erect penis.

I. SUFFICIENCY OF EVIDENCE AS TO TAKING INDECENT LIBERTIES

Code § 18.2-370 provides that any person who knowingly and intentionally "expose[s] his or her sexual or genital parts to any child" with lascivious intent is guilty of a Class 6 felony.

Appellant contends the evidence was insufficient for the trial court to convict him of this crime, arguing that, in order for one to expose his sexual or genital parts, the victim must actually have seen such parts.  We disagree.

The origin and contemporary definition of the verb "expose" does not require that someone actually perceive what is being displayed.  "Expose" originated as an adaptation of the Latin verb "exponere," which includes the following definitions:  1) to put or bring out into the open, or 2) to put on show or display.  5 The Oxford English Dictionary 578 (2d ed. 1989); Oxford Latin Dictionary 651 (1982).  Today, the definition has remained true to its roots.  Webster's Third New International Dictionary 802 (1981), defines "expose" as "to lay open to view."  In Black's Law Dictionary 579 (6th ed. 1990), "expose" is defined as:  "To show publicly; to display; to offer to the public view . . . ."

Black's definition of "indecent exposure" is also instructive:

> [This t]erm refers to exhibition of those
> private parts which instinctive modesty,
> human decency or self-respect require shall
> be kept covered in [the] presence of others.
>  Exposure of [a] person becomes indecent when
> it occurs at such time and place where [a]
> reasonable person knows or should know his
> act will be open to observation of others.

Id. at 768.  As these definitions indicate, whether an object is actually seen by its intended audience is irrelevant to whether that object has been exposed.

Furthermore, the Supreme Court of Virginia's interpretation of the word "expose," as applied in the context of common law and

statutory indecent exposure prosecutions, also refutes appellant's argument.  Unless it is clear from express language that the legislature intended to deviate from the common law, we will construe a statute "'as near to the reason of common law'" as possible.  Wicks v. City of Charlottesville, 215 Va. 274, 276, 208 S.E.2d 752, 755 (1974) (quoting Chichester v. Vass, 5 Va. (1 Call) 83, 102 (1797)), appeal dismissed, 421 U.S. 901 (1975).  "[T]he Legislature is presumed to have known and to have had the common law in mind in the enactment of a statute."  Id.  Thus, when evaluating the meaning of the word "expose" as it is used in Code § 18.2-370, we may appropriately employ a common law analysis.

According to common law, indecent exposure is an offense when it takes place "in a public place in such a manner that the act is seen or is likely to be seen by casual observers . . . ."  Noblett v. Commonwealth, 194 Va. 241, 245, 72 S.E.2d 241, 243 (1952) (emphasis added).  In Wicks, the Supreme Court adopted this analysis by upholding an indecent exposure conviction under the City Code of Charlottesville even though no one could testify with certainty that defendant's genitals had been seen.  Wicks, 215 Va. at 275-76 & n.1, 208 S.E.2d at 754 & n.1.  The Court found that the evidence clearly established the defendant's exposure based on the fact that the arresting officer saw him holding his hand in front of his pants and urinating on a public street.  Id.

Based on the foregoing principles, we find that appellant's construction of the word "expose" as it is used in Code § 18.2-370 is drawn too narrowly. We hold that this section proscribes the intentional display by an adult, with lascivious intent, of his or her genitals in the presence of a child where a reasonable probability exists that they might be seen by that child, regardless of the child's actual perception of such a display.

Here, appellant surreptitiously and forcibly took a five-year-old girl to the seclusion of a bathroom where he removed his pants and undershorts, exposing his erect penis under circumstances where it was likely to be seen by her. Given our construction of Code § 18.2-370 and viewing the evidence in the light most favorable to the Commonwealth, we find that the evidence was sufficient to establish beyond a reasonable doubt that appellant took indecent liberties with a child.

II.  SUFFICIENCY OF EVIDENCE AS TO ATTEMPTED RAPE

Code § 18.2-61 criminalizes rape, which includes "sexual intercourse . . . with a child under age thirteen." Attempted rape consists of "the intent to engage in sexual intercourse, and some direct, yet ineffectual, act toward its consummation." Fortune v. Commonwealth, 14 Va. App. 225, 228, 416 S.E.2d 25, 27 (1992). Appellant contends the evidence at trial neither established the requisite intent to rape nor demonstrated a direct act done toward the commission of rape. We disagree.

## A. SPECIFIC INTENT

The specific intent to rape "may, like any other fact, be shown by circumstances. Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it." Banovitch v. Commonwealth, 196 Va. 210, 216, 83 S.E.2d 369, 373 (1954), quoted in Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991). In determining intent, the fact finder is entitled to draw inferences from proved facts, so long as the inferences are reasonable and justified. Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963). See Fortune, 14 Va. App. at 228, 416 S.E.2d at 27 ("Specific intent to commit rape may be inferred from conduct if such intent follows naturally from the conduct proven. Where the conduct of the accused . . . points with reasonable certainty to a specific intent to commit rape, intent is established."). Moreover, in criminal attempt cases, "the fact finder is often allowed broad latitude in determining the specific intent of the actor." Id. at 229, 416 S.E.2d at 27 (inferring the specific intent to rape when the defendant, without consent, pulled down his pants in his victim's bedroom, ordered her to lie on a bed, grabbed and struggled with her, and repeatedly requested oral sex in exchange for money or drugs). See Ridley v. Commonwealth, 219 Va. 834, 837, 252 S.E.2d 313, 314 (1979) (affirming a conviction of breaking and entering with the intent to commit larceny even though defendant had no stolen

merchandise in his possession and there was no indication that any merchandise had been tampered with or moved when police apprehended him in the victim's store).

Contrary to appellant's argument, the evidence need not show that appellant touched his victim's sexual organs or removed her clothing to reasonably infer his specific intent to commit rape. See Ingram v. Commonwealth, 192 Va. 794, 802-03, 66 S.E.2d 846, 850-51 (1951) (finding that the circumstantial evidence as to appellant's motive and method of attack was sufficient to infer an intent to commit rape, although defendant said nothing during the attack that indicated his purpose, removed none of the victim's clothing, and did not touch any private parts of the victim's body). Accord Hart v. Commonwealth, 131 Va. 726, 751, 109 S.E. 582, 590 (1921) (finding that "[t]he mode of the attack and the manner in which the force was exerted, unaccompanied by any explanation or indication . . . tending to show any other motive, was sufficient to warrant the jury in finding that the accused intended" to rape his victim).

In this case, the evidence established that appellant surreptitiously brought a five-year-old girl into the seclusion of a bathroom. Once there, appellant suggestively kissed her on the mouth, removed his pants and underwear while he had an erection, and directed the child to bend over in front of him. Given these facts and circumstances, we find that the trial court reasonably inferred that appellant possessed the specific intent

to rape.

## B. DIRECT, INEFFECTUAL ACTS

"A direct, ineffectual act, done toward commission of an offense need not be the last proximate act toward completion, but 'it must go beyond mere preparation and be done to produce the intended result.'" Fortune, 14 Va. App. at 229, 416 S.E.2d at 28 (quoting Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986)).  Although it is impossible to adopt a bright-line rule for distinguishing acts of mere preparation from acts that constitute an attempt, "'it may be said that preparation consists [of] . . . arranging the means or measures necessary for the commission of the offense and that the attempt is the direct movement toward the commission after the preparations are made.'" Granberry v. Commonwealth, 184 Va. 674, 678, 36 S.E.2d 547, 548 (1946) (quoting 14 Am. Jur. Criminal Law § 67 (1938)).  Moreover, when intent has been established, "any slight act done in furtherance of this intent will constitute an attempt." Fortune, 14 Va. App. at 229, 416 S.E.2d at 28.  See Martin v. Commonwealth, 195 Va. 1107, 1112, 81 S.E.2d 574, 577 (1954) ("Whenever the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt . . . .").

In this case, appellant forcibly took a young child into a vacant bathroom, covering her mouth so that she could not call for her mother.  While removing his erect penis from his pants,

appellant directed the child to bend over in a position that would facilitate his rape.  This evidence was sufficient to prove that appellant took direct, yet ineffectual, steps toward the commission of rape.

For the reasons stated, we find the evidence sufficient beyond a reasonable doubt to support appellant's conviction of attempted rape in violation of Code § 18.2-67.5.

<u>Affirmed.</u>