COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bumgardner


DAVID ALLEN HAYNES

                                   MEMORANDUM OPINION[*] BY
v.    Record No. 1778-98-3      JUDGE RUDOLPH BUMGARDNER, III
                                        OCTOBER 5, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
                  Duncan M. Byrd, Jr., Judge

          (James V. Doss, III, on brief), for
          appellant.  Appellant submitting on brief.

          (Mark L. Earley, Attorney General; Richard B.
          Smith, Assistant Attorney General, on brief),
          for appellee.  Appellee submitting on brief.


     David Allen Haynes appeals from his convictions of

unlawfully entering the property of another, sexual battery, and

attempted rape.  He concedes his guilt of unlawful entry and

sexual battery, but argues the trial court erred in convicting

him of attempted rape.  He contends that the evidence was

insufficient and that sexual battery is a lesser-included

offense of attempted rape and conviction of both crimes violates

his protections against double jeopardy.  Finding no error, we

affirm the conviction.

     On appeal, we "discard all evidence of the accused that

conflicts with that of the Commonwealth and regard as true all

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom." Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993).

Haynes entered the victim's trailer shortly after 7:00 a.m. and woke her. The victim only knew the defendant's first name, and he had never been to her trailer, was not expected, or invited. He was drinking, smelled of alcohol, and had a beer bottle in his hand. He approached the victim in her bedroom but would not leave when she told him to leave. The defendant started kissing the victim and eventually he put his hand on her shoulder while holding her wrist behind her back with his other hand. He touched her hair and face, then her leg underneath her nightgown and moved his hand up her leg. The victim testified: "I knew he was going to try to take my panties off. His hand was on my vagina . . . inside of my panties . . . ." She grabbed his hand, pushed him as hard as she could, and ran into the bathroom when he fell backwards.

Inside the bathroom, the victim braced herself against the door which had no lock. As the defendant banged on the door, he tried to get her to let him inside. With anger in his voice, he threatened "I'll just fuck you then," and hit the door so that it hit the victim in the head. The victim could see through a slight opening that the defendant had taken off all his clothes.

When the victim ran into the bathroom, she had been able to grab a telephone, and while the defendant was trying to get

-

in the bathroom, she called the police.  By the time they arrived, the defendant had left, and his clothes and beer bottle were gone.  The victim described her assailant, gave his first name, and identified his picture in a photo lineup.  The officers interviewed the defendant the next day.

The defendant first claimed to have blacked out from drinking and denied knowing anything about the incident.  A few days later, he changed his story and said he had gone to the trailer.  He claimed to have been having an affair with the victim for a year, and that morning he was to get a ride to work when "she kind of freaked out."  He denied touching her that morning.

The trial court's ruling will not be disturbed on appeal unless plainly wrong or unsupported by the evidence.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The fact finder, who determines the credibility of the witnesses and the weight accorded their testimony, may accept or reject the testimony in whole or in part.  See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).  The fact finder is also entitled to disbelieve the self-serving testimony of the accused and to conclude that he is lying to conceal his guilt.  See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

The defendant concedes that the evidence is sufficient to support the conviction of sexual battery.  See Code § 18.2-67.4.

-

He completed committing that crime when he touched the victim's vagina as he held her hand behind her back. Separate from those actions, the defendant's acts after the victim escaped to the bathroom constitute the attempted rape.

"Attempted rape consists of 'the intent to engage in sexual intercourse, and some direct yet ineffectual, act towards its consummation.'" Siquina v. Commonwealth, 28 Va. App. 694, 699, 508 S.E.2d 350, 353 (1998) (citation omitted). See Code § 18.2-61(A). Once the victim entered the bathroom, the defendant continually banged and forced the door in an attempt to get inside. He disrobed and threatened to "fuck [her]." Credible evidence established each element of the crime.

All of the actions that proved the attempted rape were separate and distinct from the actions that proved the sexual battery. The defendant could not have been twice convicted for the same offense; under these facts, they were separate and distinct offenses. See Blockburger v. United States, 284 U.S. 299, 304 (1932). Accordingly, we need not address the argument that sexual battery is a lesser-included offense of attempted rape. We affirm the conviction of attempted rape.

Affirmed.

-