COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judges Humphreys and Millette
Argued at Chesapeake, Virginia


THEODORE DEREK FRENZEL

                                      MEMORANDUM OPINION[*] BY
v.        Record No. 0561-07-1        JUDGE ROBERT J. HUMPHREYS
                                               JUNE 10, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

J. Brian Donnelly (Price, Perkins, Larkin & Donnelly, on brief), for
appellant.

Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Theodore Derek Frenzel ("Frenzel"), appeals his conviction for indecent liberties with a

minor, in violation of Code § 18.2-370(A)(1).  He argues that the evidence presented at trial was

insufficient to support his conviction, because it did not prove that he intentionally exposed

himself to a child.  For the reasons that follow, we disagree and affirm his conviction.

In reviewing the sufficiency of the evidence on appeal, "the trial court's judgment will

not be set aside unless plainly wrong or without evidence to support it."  Hunley v.

Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).  "'The credibility of a

witness and the inferences to be drawn from proven facts are matters solely for the fact finder's

determination.'"  Holley v. Commonwealth, 38 Va. App. 158, 163, 562 S.E.2d 351, 354 (2002)

(quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1988)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Code § 18.2-370(A)(1) provides, in pertinent part:

> Any person eighteen years of age or over, who, with lascivious intent, knowingly and intentionally . . . [e]xposes his or her sexual or genital parts to any child [under the age of fifteen years] to whom such person is not legally married . . . is guilty of a Class 5 felony[.]

Thus, in order for the trial court to convict Frenzel of indecent liberties with a minor, the Commonwealth had to prove that (1) Frenzel was eighteen years of age or over; (2) Frenzel was not married to any of the children at the pier; (3) the children were under the age of fifteen; (4) Frenzel exposed himself to the children; (5) Frenzel acted knowingly and intentionally; and (6) Frenzel acted lasciviously. Frenzel's sole argument on appeal is that the evidence did not prove that he exposed himself knowingly and intentionally.

Frenzel was standing under a pier with his shorts pulled down below his knees while "moving his hand up and down" on his erect penis as he watched children ranging in age from two to six as they swam nearby in the Chesapeake Bay. Nonetheless, he argues that the evidence was insufficient to prove that he intentionally exposed himself to a child, because no evidence proved that either the young children or twelve-year-old T.M., who was walking on the beach nearby, had seen him.

We have held that Code § 18.2-370 applies to any "intentional display by an adult, with lascivious intent, of his or her genitals in the presence of a child where a reasonable probability exists that they might be seen by that child, regardless of the child's actual perception of such a display." Siquina v. Commonwealth, 28 Va. App. 694, 699, 508 S.E.2d 350, 353 (1998). "[W]hether an object is actually seen by its intended audience is irrelevant to whether that object has been exposed." Id. at 698, 508 S.E.2d at 352. Furthermore, "'[a]n indecent exposure must be either in the actual presence and sight of others, or in such a place or under such circumstances that the exhibition is liable to be seen by others.'" Holley, 38 Va. App. at 164,

562 S.E.2d at 354 (quoting Noblett v. Commonwealth, 194 Va. 241, 245, 72 S.E.2d 241, 243-44 (1952)).

In this case, Frenzel had his erect penis exposed underneath a public pier on a public beach. Frenzel had lowered his pants "down to his knees," and Frenzel's actions were easily visible to anyone who walked near him. Indeed, T.M. and his father both observed Frenzel "moving his hand up and down" on his penis. Despite the lack of evidence in the record proving that Frenzel knew anyone was watching him, the area and manner in which Frenzel exposed himself was clearly in such a place and under such circumstances that the exposure was "liable to be seen by others." Id. While the record does not disclose the distance between Frenzel and the children he was watching, T.M. and his father were easily able to see the children playing in the surf, and were close enough to determine that one of them was a boy. At the same time, T.M. and his father were also able to see Frenzel, who was looking at the children while masturbating. This evidence suggests a "reasonable probability" that those children *could* have seen Frenzel, even if they had not *actually* seen him. Siquina, 28 Va. App. at 699, 508 S.E.2d at 353. Thus, although Frenzel may not have intended for the children to see him, the evidence was nonetheless sufficient to prove that Frenzel exposed his penis knowingly and intentionally, with lascivious intent.

For these reasons, we hold that the record contained sufficient evidence for the trial court to find that Frenzel exposed himself with lascivious intent both knowingly and intentionally. Accordingly, we affirm his conviction.

Affirmed.