HUMPHREYS, J.,
concurring, in part, and dissenting, in part.
I join entirely in the analysis and holding of the majority in regard to all issues presented, except for the questions raised *679 by Gheorghiu regarding venue.[17] I disagree with the analysis and judgment of the majority that venue was proper in case number CR05-1243, charging Gheorghiu with identity theft, or case number CR06-449, charging Gheorghiu with credit card fraud. Therefore, I respectfully dissent on those two issues.
I. Identity Theft
I cannot join the majority’s opinion affirming Gheorghiu’s conviction for identity theft pursuant to case number CR051243 because I believe that the Commonwealth failed to prove that Arlington County was the proper venue for prosecution of that offense.
“In deciding whether venue in a particular jurisdiction was proved, a court must determine whether the evidence, when viewed in the light most favorable to the Commonwealth, gave *680 rise to a ‘strong presumption’ that the offense was committed within the jurisdiction of the court.’ ” Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) (quoting Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990)). “This may be accomplished by either direct or circumstantial evidence.” Id. Normally, “venue is appropriate in any jurisdiction where the required elements of the offense have been established.” Green v. Commonwealth, 32 Va.App. 438, 449, 528 S.E.2d 187, 192 (2000). In cases involving violations of Code § 18.2-186.3, the General Assembly has specifically determined where venue is proper. Code § 18.2-186.3(D) provides that, in such cases, “[t]he crime shall be considered to have been committed [1] in any locality where the person whose identifying information was appropriated resides, or [2] in which any part of the offense took place, regardless of whether the defendant was ever actually in such locality.”
The victim in this case, Iris Keltz (“Keltz”), did not reside in Arlington County at the time of the offense. Thus, in order to prove venue, the Commonwealth must have presented evidence creating a strong presumption that some “part of the offense” took place in Arlington. Code § 18.2-186.3 defines the offense of identity theft as follows:
A. It shall be unlawful for any person, without the authorization or permission of the person or persons who are the subjects of the identifying information, with the intent to defraud, for his own use or the use of a third person, to:
1. Obtain, record or access identifying information which is not available to the general public that would assist in accessing financial resources, obtaining identification documents, or obtaining benefits of such other person.
2. Obtain goods or services through the use of identifying information of such other person....
(Emphasis added.)
Therefore, for prosecution to be proper in Arlington County, the Commonwealth must show that Gheorghiu either (1) obtained, recorded or accessed Keltz’s information in Arlington, *681 or (2) that he used Keltz’s information to obtain goods or services in Arlington. As the majority concedes, there is no evidence supporting either conclusion. Given that Ms. Keltz does not live in Arlington, the majority’s concession would seem to be dispositive of the issue but, instead, the majority presents two alternative and quite novel reasons why venue was proper in Arlington.
The majority’s first approach to finding venue to have been proper in Arlington is that Gheorghiu “clearly committed a part of the identity theft, the unlawful possession of Ms. Keltz’s identifying information” in Arlington. Its secondary theory is that identity theft is a continuing offense and he possessed the credit card information while in Arlington.
Insofar as the majority’s first holding is concerned, in my view the word “part” as used in Code § 18.2-186.3(D) is simply a synonym for the term “element” and, in context, it seems obvious to me that the General Assembly intended for venue to lie in any jurisdiction where it could be established that an act constituting an element of the offense occurred. Possession, though, is not an element of identity theft. Although possession is certainly incidental to the statutory elements, as it is with any number of offenses, possession is not itself an element of the offense. Had the General Assembly wished to punish the mere possession of someone else’s identifying information, it certainly could have done so. However, it chose only to criminalize the acts of obtaining, recording, accessing, and using such information or obtaining goods or services through the use of such information. “Where the General Assembly has expressed its intent in clear and unequivocal terms, it is not the province of the judiciary to add words to the statute or alter its plain meaning.” Jackson v. Fidelity & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005). In the case of identity theft, the General Assembly has required that some “part of the offense” occur in a locality in order for that locality to have jurisdiction. Because possession of the identifying information of another is not an element of identity theft, it is not “part” of that offense and cannot, standing alone, provide a basis for venue.
*682 Furthermore, and contrary to the holding of the majority, neither is identity theft a continuing offense that can be prosecuted in any jurisdiction where the offender travels while possessing stolen credit card information. Over a century ago, our Supreme Court explained the continuing offense doctrine:
It has been a settled principle of the common law, from an early day, in England, that where property is stolen in one county, and the thief has been found, with the stolen property in his possession, in another county, he may be tried in either. This practice prevailed notwithstanding the general rule that every prosecution for a criminal cause must be in the county where the crime was committed. The exception to the general rule grew out of a fiction of the law, that, where property has been feloniously taken, every act of removal or change of possession by the thief constituted a new taking and asportation ....
Strouther v. Commonwealth, 92 Va. 789, 791, 22 S.E. 852, 852 (1895) (citing Cousins’s Case, 29 Va. (2 Leigh) 708 (1830)) (emphasis added). Thus, in the case of a larceny, the continuing offense doctrine is predicated on the legal fiction that a new larceny occurs every time a thief moves stolen property. That legal fiction is appropriate because asportation is an element of larceny. By contrast, asportation is not an element of identity theft. There is no legal principle, fictional or not, that dictates that every movement by an identity thief constitutes a new offense of identity theft. Identity theft only occurs where and when someone fraudulently obtains, accesses, records or uses another person’s identifying information. See Code § 18.2-186.3. While possession is necessarily incident to obtaining, accessing, recording or using identifying information, the crime is not complete upon the mere possession of the information because the elements of this particular crime require activity by the perpetrator that is active in nature rather than passive. Put another way,, while possession of identifying information may be a consequence of, or a predicate to, several of the required elements, standing alone it is not sufficient to constitute any of them.
*683 Here, in contrast to the continuing offense of common law larceny, none of the acts that constitute the statutory elements of the crime occurred in Arlington County, and the fact that Gheorghiu possessed Keltz’s credit card information in Arlington does not change that.[18] Moreover, even if identity theft were a continuing offense, venue would still be improper in Arlington. The general rule of venue is that “venue is appropriate in any jurisdiction where the required elements of the offense have been established.” Green, 32 Va.App. at 449, 528 S.E.2d at 192 (emphasis added). A thief can be prosecuted in every county in which he carries the stolen property because every time he moves the stolen goods to a different jurisdiction, he commits all of the required elements of larceny—taking and asportation with the intent to permanently deprive the lawful owner thereof. Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998) (listing the elements of larceny). That larceny is a continuing offense does not mean that venue lies wherever a thief travels. Rather, venue is only proper where the thief travels and commits larceny, i.e., wherever he commits a new taking by continued asportation of the stolen goods to the detriment of the owner’s right to possession.[19] Under Code § 18.2-186.3, *684 venue is proper only where Gheorghiu committed any “part of the offense.” Here, Gheorghiu traveled through Arlington, but there is no evidence of any nexus whatever between any of the statutory elements of identity theft and Arlington County.
The majority’s remaining basis for holding that venue was appropriate in Arlington County is that Gheorghiu traveled through Arlington while possessing the intent to “commit fraud.” Code § 18.2-186.3. Assuming without agreeing that the evidence proved that Gheorghiu possessed that intent while speeding through Arlington, merely having the intent to commit a crime is likewise insufficient to create venue for prosecution. Generally, in order for venue to he in a particular place, “the required elements of the offense” must occur in that place. Green, 32 Va.App. at 449, 528 S.E.2d at 192 (emphasis added). While intent to defraud must certainly be proven, a particular mens rea is not the gravamen of the crime of identity fraud. Thus, the nature of any continuing offense is that all of the required elements have occurred in each place where prosecution is sought. Even in light of the more relaxed standard for venue found in Code § 18.2-186.3, to hold that venue is proper wherever Gheorghiu intended to commit fraud, without more, would be akin to holding that venue is proper for possession with intent to distribute drugs wherever a person intends to distribute drugs, regardless of whether that person ever actually possessed drugs in that locale. See United States v. Davis, 666 F.2d 195, 200 (5th Cir.1982) (holding that venue for possession with intent to distribute is improper in Georgia because the defendant never actually or constructively possessed the drugs in Georgia, despite evidence that the defendant possessed the intent to distribute the drugs while he was in Georgia).
For example, in a larceny prosecution, venue is proper in any locale where “the thief has been found, with the stolen property in his possession.” Strouther, 92 Va. at 791, 22 S.E. *685 at 852 (emphasis added). That is so, because every time a thief moves the stolen goods, a new larceny occurs. If the thief were to steal a television in Arlington and then take it to his home in Alexandria, venue would be proper in both locations because the elements of larceny occurred in both locations. However, if the thief left the television in Alexandria and drove to Fairfax, he could not be prosecuted in Fairfax, even though he still had the intent to permanently deprive the rightful owner of the television. Fairfax would not be the proper venue because no larceny took place there. It is irrelevant that the thief happened to drive through Fairfax with a larcenous intent. To hold otherwise would be to conclude that a thief can be tried for larceny in any county or city in which he travels regardless of whether he committed a larceny in that jurisdiction. Today, the majority holds that Gheorghiu can be prosecuted for identity theft in Arlington even though he did not commit any “part of the offense” in Arlington. Because such a holding would largely render meaningless the basic concept that the proper location for a criminal prosecution is the jurisdiction where the crime actually occurred, that is a holding in which I cannot join.
Simply put, the Commonwealth failed to present evidence that Gheorghiu committed any element of this particular offense of identity theft in Arlington County. Therefore, I would hold that the Commonwealth failed to prove that Arlington County was the proper venue for this charge and reverse the conviction on case number CR05-1243 and remand for a new trial in a proper venue if the Commonwealth be so advised.
II. Credit Card Fraud
Furthermore, though for different reasons, I cannot join the majority’s opinion affirming Gheorghiu’s conviction for credit card fraud pursuant to case number CR06-449, because I believe that the Commonwealth failed to establish venue by proving that Gheorghiu committed an “act in furtherance” of that crime in Arlington County.
*686 At the time of Gheorghiu’s offense, Code § 18.2-198.1 provided that a prosecution for credit card fraud “may be had in any county or city in which (i) any act in furtherance of the crime was committed or (ii) an issuer or acquirer, or an agent of either, sustained a financial loss as a result of the offense.” The majority holds that, by possessing Gerald Kent’s (“Kent”) credit card information in Arlington County, Gheorghiu committed an act in furtherance of the crime of credit card fraud. I disagree.
The phrase “act in furtherance of the crime” has never been defined with respect to Code § 18.2-198.1. However, as the General Assembly was surely aware when they included those words in the statute, this phrase is a common term of art in the Commonwealth’s jurisprudence relating to the crime of attempt. An attempt occurs when a person intends to commit a crime and commits “ ‘any slight act done in furtherance of this intent.’ ” Parsons v. Commonwealth, 32 Va.App. 576, 583, 529 S.E.2d 810, 813 (2000) (quoting Siquina v. Commonwealth, 28 Va.App. 694, 701, 508 S.E.2d 350, 353 (1998)). Under the law of attempt, the act in furtherance of the crime “need not be the last proximate act toward completion, but ‘it must go beyond mere preparation and be done to produce the intended result.’ ” Id. (quoting Siquina, 28 Va.App. at 701, 508 S.E.2d at 353). Thus, to constitute an act in furtherance, “[tjhere must be some appreciable fragment of the crime committed, it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter, and the act must not be equivocal in nature.” Id. (quoting Siquina, 28 Va.App. at 701, 508 S.E.2d at 353). “The distinction is that preparation ‘consists in devising or arranging the means or measures necessary for the commission of the offense and [ ] the attempt is a direct movement towards the commission after the preparations are made.’ ” Ashford v. Commonwealth, 47 Va.App. 676, 682, 626 S.E.2d 464, 467 (2006) (quoting Martin v. Commonwealth, 195 Va. 1107, 1111, 81 S.E.2d 574, 577 (1954)).
Here, Gheorghiu was charged with using Kent’s credit card number for the purpose of obtaining money, goods, or ser *687 vices, in violation of Code § 18.2-195. It is undisputed that Gheorghiu did not use Kent’s credit card number while in Arlington County. The evidence proved that, while in Arlington County, Gheorghiu did nothing more than possess Kent’s credit card number. Although I agree with the majority that, without possessing Kent’s credit card or credit card number, Gheorghiu could not have committed that crime, based upon the substantial body of precedent that construes the phrase “act in furtherance of the crime,” I do not believe the General Assembly intended a different meaning in the context of Code § 18.2-198.1 and, thus, mere possession cannot be sufficient to establish venue in Arlington. In my view, merely holding the card in his possession is nothing more than “devising or ai’ranging the means or measures necessary for the commission of the offense.” Id. As such, possessing credit card information is merely a preparatory step and is not sufficient to constitute an act in furtherance of the crime. Adding strength to this analysis, as the majority notes, in 2008 the General Assembly expanded Code § 18.2-198.1 to allow for venue in any locality where a credit card number is “possessed with intent to” commit credit card fraud. That addition to the venue statute is yet another clear indication that the General Assembly did not intend for possession to be sufficient to establish venue under the original statute in effect at the time of Gheorghiu’s trial. Had the original statute allowed prosecution in any venue in which the accused merely possessed a stolen credit card number as the majority holds today, the 2008 amendment would have been entirely unnecessary.[20]
For the reasons stated, I join in the analysis and judgment of the majority on all issues presented except for those venue issues properly preserved for appeal which relate to identity *688 theft, case number CR05-1243 and credit card fraud, case number CR06-449. I would reverse Gheorghiu’s convictions for those offenses and remand those indictments for a new trial in an appropriate venue if the Commonwealth be so advised.

. With respect to the issue presented regarding Gheorghiu's conviction for possession of burglarious tools, as the majority notes, the Attorney General offered no serious argument that, given our holdings in Edwards v. Commonwealth, 53 Va.App. 402, 408-09, 672 S.E.2d 894, 897 (2009) (en banc); Scott v. Commonwealth, 36 Va.App. 276, 549 S.E.2d 624 (2001); and Millard v. Commonwealth, 34 Va.App. 202, 539 S.E.2d 84 (2000), the laptop and remagger could constitute ''implements, tools or an outfit" to facilitate commission of the offense of larceny, as opposed to other possible statutory offenses, except to repeatedly assert that two of the statutory offenses Gheorghiu was charged with used the word “theft" in their title and conceded that prosecution might have been more appropriate under Code § 18.2— 196(l)(b) for criminal possession of credit card forgery devices (prohibiting the possession "with knowledge of its character, machinery, plates or any other contrivance designed to reproduce instruments purporting to be credit cards ...").
I agree entirely with the analysis and judgment of the majority in holding that the evidence presented was insufficient given the offense charged in the indictment. I am well aware that the Attorney General bears no responsibility for the charging decision in most criminal cases. However, I digress to emphasize this point because it aptly illustrates what this Court has observed with increasing frequency-—either an inexcusable lack of awareness by many prosecutors of the existence of statutes that the General Assembly has seen fit to tailor to specific conduct or the failure of many of the Commonwealth’s prosecutors to effectively review the appropriateness of the charges before presenting indictments to a grand jury. See, e.g., Clark v. Commonwealth, 54 Va.App. 120, 141 n. 11, 676 S.E.2d 332, 343 n. 11 (2009) (en banc) (Humphreys, J., dissenting).

. The majority cites to the Supreme Court of Washington in support of its claim that identity theft is a continuing offense. However, even under that court’s analysis, Arlington would not be a proper venue for this crime. In the case the majority cites, the court specifically held that, in the case of identity theft, the "unit o,f prosecution” only includes "subsequent proscribed conduct." State v. Leyda, 157 Wash.2d 335, 138 P.3d 610, 616 (2006). As previously noted, possession is not proscribed conduct under Code § 18.2-186.3.

. The majority responds to this analogy by noting that Gheorghiu was not charged with larceny but rather with identity theft which "does not involve the taking of physical property” but rather "of one’s own identity." Whether this metaphysical approach to statutory construction is appropriate is a debate for another day. My point is simply that while a new larceny occurs when stolen property is carried from place to place, the same is not true of identity theft. The crime of identity theft was complete when Gheorghiu obtained Ms. Keltz's identifying information. Though he would have committed a new offense of identity theft each time he accessed that information or obtained goods or services using it, the plain language of the statute makes it clear that *684 the offense of identity theft is not committed continuously simply by virtue of the continued possession of identifying information, whether it was stored on a computer or simply committed to memory.

. I recognize that the 2008 amendment would arguably permit Gheorghiu to be retried for credit card fraud in Arlington County since statutory amendments that are procedural in nature are prospective from their enactment and not from the date of the offense. See Code § 1-239. Nonetheless, at the time of the trial in the case before us, Arlington County was not the proper venue and I see no principled reason to adopt a "no harm, no foul” approach to the analysis of this issue.