COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, O'Brien and White
Argued at Norfolk, Virginia


JEREMIAH JAY JONES, JR.

                                              MEMORANDUM OPINION[*] BY

v.      Record No. 0825-21-1            JUDGE MARY GRACE O'BRIEN
                                                NOVEMBER 29, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

Jennifer Howland-Smith, Assistant Public Defender, for appellant.

Jason D. Reed, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The trial court convicted appellant, Jeremiah Jay Jones, Jr., of attempting to possess a

firearm while subject to a protective order, in violation of Code §§ 18.2-26 and 18.2-308.1:4(B),

and two counts of falsifying information on a firearm purchase form, in violation of Code

§ 18.2-308.2:2. Appellant argues that the evidence was insufficient to support his convictions. For

the following reasons, we affirm.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). We

discard appellant's conflicting evidence and regard as true all credible evidence favorable to the

Commonwealth and all inferences reasonably drawn therefrom. *Gerald*, 295 Va. at 473.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On March 18, 2020, appellant went to the Freedom Shooting Center in Virginia Beach to purchase a Kel-Tec SUB-2000, a rifle capable of being folded to half its length. Krista Hendricks, a sales employee, provided appellant the state and federal transaction forms necessary for a firearm purchase. On the state form, appellant filled in his identifying information, including his name, date of birth, and social security number, and he wrote "No" in response to a question asking whether he was subject to a protective order. On the federal form, appellant listed his address as "954 Marietta Avenue" in Norfolk, the same address on his driver's license.

Hendricks then completed the sections of the forms for sales employees. On the federal form, Hendricks filled in the make, model, serial number, type, and caliber of the weapon appellant had selected. She reviewed the forms for completion and to ensure that the information matched appellant's driver's license. Appellant signed both forms.

Despite his representation on the state form, appellant was subject to a protective order issued by the Virginia Beach circuit court on July 9, 2018 and effective through July 9, 2020. His application to purchase the firearm was denied.

State Trooper Carl Lans investigated the denial and confirmed that appellant was subject to a protective order from July 9, 2018 through July 9, 2020. The order specifically forbade appellant from possessing "any firearms or any other weapon." When Trooper Lans mailed a letter to appellant at the Marietta Avenue address appellant had listed on the federal form, the letter was returned. Additionally, Trooper Lans visited the address but was unable to locate appellant there. Trooper Lans obtained warrants, appellant was arrested in July 2020, and the trooper interviewed him at the jail.

Appellant admitted to Trooper Lans that he completed the firearm transaction forms, and he confirmed his signature on both. Appellant acknowledged that the petitioners for the protective order were his former neighbors at the Marietta Avenue address. Appellant stated that he

"remember[ed] going to court and receiving a protective order" but "wasn't sure about the dates." He claimed that the protective order was "inactive" and he only filled out the forms to determine if he was eligible to purchase a firearm. He also told Trooper Lans, however, that "[h]e was trying to get a firearm to protect his house because someone was trying to get in there."

Appellant stated that he lived at "445 Peregrine Street" in Virginia Beach and had been residing there for three years. He claimed that although he lived at the Peregrine Street address, he also kept clothes at the Marietta Avenue address. The court denied appellant's motion to strike and convicted him of the three charges. This appeal followed.

ANALYSIS

Appellant argues that the evidence was insufficient to support his convictions. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal[] is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

I. Attempted possession of a firearm while subject to a protective order

Code § 18.2-308.1:4(B) makes it unlawful for a person subject to a protective order "to knowingly possess any firearm while the order is in effect." Appellant contends that the evidence was insufficient to convict him because it failed to establish that he attempted to purchase a firearm or that he had notice of the protective order. We disagree.

- 3 -

"It is well established that an attempt is composed of two elements: the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but falls short of execution of the ultimate purpose." *Sheng Jie Jin v. Commonwealth*, 67 Va. App. 294, 304 (2017) (quoting *Sizemore v. Commonwealth*, 218 Va. 980, 983 (1978)). Generally, "preparation consists [of] . . . arranging the means or measures necessary for the commission of the offense," and "the attempt is the direct movement toward the commission after the preparations are made." *Siquina v. Commonwealth*, 28 Va. App. 694, 701 (1998) (alterations in original) (quoting *Granberry v. Commonwealth*, 184 Va. 674, 678 (1946)). The requisite direct act, however, "need not be the last proximate act to the consummation of the crime in contemplation." *Wilson v. Commonwealth*, 249 Va. 95, 101-02 (1995) (quoting *Granberry*, 184 Va. at 678).

"Intent is a factual determination, and a trial court's decision on the question of intent is accorded great deference on appeal and will not be reversed unless clearly erroneous." *Towler v. Commonwealth*, 59 Va. App. 284, 297 (2011). "Circumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the *only* method of proof." *Abdo v. Commonwealth*, 64 Va. App. 468, 475-76 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion [of guilt].'" *Rams v. Commonwealth*, 70 Va. App. 12, 37 (2019) (alteration in original) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)).

Here, appellant entered the gun store and asked Hendricks about purchasing a specific rifle. Hendricks provided appellant with the state and federal forms required for a firearm transaction. Appellant completed the sections for the purchaser; Hendricks filled in the sections

for the seller, including a section identifying the specific firearm appellant chose to purchase. Although appellant claimed in his interview with Trooper Lans that he completed the forms only to learn if he was eligible to buy a gun, he also stated that he wanted to buy a firearm because someone had tried to enter his house. From that statement, a reasonable factfinder could conclude that appellant intended to buy the specific rifle he requested when he completed the forms and therefore made the requisite direct act toward firearm possession. *See Siquina*, 28 Va. App. at 701.

Appellant also argues that the "Commonwealth must prove that [he] knew that he was subject to a protective order and yet attempted to purchase a firearm." A conviction for violating a court order requires prior notice of that order. *See Hsiu Tsai v. Commonwealth*, 51 Va. App. 649, 654 (2008) (reversing conviction for violating a protective order where the defendant received no "notice of any kind" of the order); *see also Calamos v. Commonwealth*, 184 Va. 397, 407 (1945). The protective order admitted into evidence lists appellant's name on the first page and his Marietta Avenue address on the second page. The return of service on the protective order indicates that a Virginia Beach sheriff's deputy personally served appellant with the order on July 9, 2018, at 11:10 a.m. Moreover, the order clearly states that it remained in effect through July 9, 2020. Appellant told Trooper Lans that he recalled going to court and being served with the protective order. Although appellant also said that he thought the protective order had expired, the court was not required to credit that claim—which was inconsistent with the face of the order. The record supports the court's conclusion that appellant had actual notice of the protective order and knew it was still in effect when he attempted to buy the rifle.[1]

---

[1] Appellant also argues that the protective order "was issued under [Code §] 19.2-152.10, which is a non-domestic violence protective order" but the indictment charged appellant with attempting to possess a firearm "under [Code §] 18.2-308.1:4(B) and *specifically* [Code § 16.1-279.1, which is the domestic violence protective order statute." Appellant appears to argue that there was a fatal variance between the indictment and the proof at trial. However, this

II.  Making false statements on the firearm forms

Appellant also argues that the court "erred in finding [the] evidence sufficient to convict [him] of two counts of falsifying a firearm consent form inasmuch as" he "was not aware of an active protective order when he checked 'no' on the form" and he "did not provide a false address."

"Any person purchasing from a dealer a firearm . . . shall consent in writing, on a form to be provided by the Department of State Police, to have the dealer obtain criminal history record information."  Code § 18.2-308.2:2(A).  "Any person willfully and intentionally making a materially false statement on the consent form . . . or on such firearm transaction records as may be required by federal law shall be guilty of a Class 5 felony."  Code § 18.2-308.2:2(K).

When appellant filled in the firearm transaction forms on March 18, 2020, he listed the Marietta Avenue address and represented that he was not subject to a protective order.  During the July 2020 investigatory interview, however, appellant told Trooper Lans that he lived at the Peregrine Street address and had lived there for three years.  He also referred to the petitioners for the protective order as his former neighbors, indicating that he no longer lived at the Marietta Avenue address.  Although appellant's driver's license listed Marietta Avenue, Trooper Lans testified that he had been unable to locate appellant there, and a letter he sent to that address was returned.

Additionally, appellant acknowledged that he had been served with a protective order.  Although he told Trooper Lans that he believed it had expired by the time of the attempted purchase, the face of the protective order plainly stated that it remained in effect until 11:59 p.m.

---

issue is not encompassed in his assignment of error, and we do not consider it.  *See* Rule 5A:20(c)(1) ("Only assignments of error listed in the brief will be noticed by this Court."); *see also Simmons v. Commonwealth*, 63 Va. App. 69, 75 n.4 (2014) (noting that where, as here, an issue is not part of an appellant's assignment of error, that issue is waived).

on July 9, 2020. Thus, the court permissibly rejected appellant's claim. The court "was at liberty to discount [appellant's] self-serving statements as little more than lying to conceal his guilt." *Poole*, 73 Va. App. at 369 (alteration in original) (quoting *Becker v. Commonwealth*, 64 Va. App. 481, 495 (2015)). Based on our review of the record, we conclude that the evidence supports the court's conclusion that appellant intentionally made false statements on the required firearm forms regarding his address and his protective-order status. *See* Code § 18.2-308.2:2(K).

## CONCLUSION

For the foregoing reasons, we find that the evidence was sufficient to prove appellant's guilt beyond a reasonable doubt, and we affirm his convictions.

*Affirmed.*